ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA** DEMANDANTE(S)-RECURRIDA(S) <br><br> v. <br><br> **CARMEN DORIS PAGÁN SEDA; FERNANDO JAVIER ORIZONDO ÁLVAREZ-MENA** DEMANDADA(S)-RECURRIDA(S) <br><br> **AMARIS URBINA ECHEVARRÍA ERIC RESTO LEÓN (PARTE INTERVENTORA)** DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400658** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **CAGUAS** <br><br> Caso Núm. **CG2020CV01973 (802)** <br><br> Sobre: Acción de Reivindicación; División y Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 15 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones, la señora **AMARIS URBINA ECHEVARRÍA** (señora **URBINA ECHEVARRÍA**) mediante un *Certiorari* instado el 13 de junio de 2024. En su recurso, nos solicita que revisemos la *Orden* decretada el 13 de mayo de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas.[1] Mediante la referida decisión, el foro *a quo* accedió a lo peticionado en la *Moción Reiterando se Ordene a la Secretaria Realizar la Notificación de Sentencia por Edicto para Proceder con su Publicación* presentada el 13 de mayo de 2024 por el señor **ALEJANDRO ANTONIO ORIZONDO ÁLVAREZ-MENA**.[2] Así las cosas, procedió a emitir la

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 14 de mayo de 2024. Apéndice de *Certiorari*, pág. 1.
[2] El caso **KLAN2023000903** fue resuelto mediante *Sentencia* el 15 de noviembre de 2023 y el 8 de enero de 2024 se emitió *Carta de Trámite sobre Mandato*.

*Notificación de Sentencia por Edicto* (OAT 686) para la notificación de la *Sentencia Parcial Enmendada* con fecha de 6 de septiembre de 2023.[3]

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 25 de septiembre de 2020, se interpuso una *Demanda* sobre acción reivindicatoria, desahucio y liquidación de comunidad hereditaria.[4] La señora **URBINA ECHEVARRÍA** fue emplazada personalmente y el 17 de diciembre de 2020, presentó su *Contestación a Demanda* conteniendo una *Reconvención*.[5] El 31 de enero de 2021, el señor **ERIC RESTO LEÓN** (señor **RESTO LEÓN**) se sometió voluntariamente a la jurisdicción mediante *Demanda Intervención*. Por su parte, los señores **CARMEN D. PAGÁN SEDA** y **FERNANDO J. ORIZONDO ÁLVAREZ-MENA** (señores **PAGÁN SEDA** y **ORIZONDO ÁLVAREZ-MENA**) fueron emplazados mediante edicto, pero nunca comparecieron, por lo que, les fue anotada la rebeldía mediante *Orden* determinada el 2 de febrero de 2021.

Luego de varios trámites procesales, el 8 de agosto de 2021, el señor **RESTO LEÓN** presentó *Moción de Sentencia Sumaria* razonando, entre otras cosas, que el señor **ORIZONDO ÁLVAREZ-MENA** carecía de legitimación activa para entablar la causa de acción.

Más tarde, el 26 de agosto de 2021, el señor **ORIZONDO ÁLVAREZ-MENA** presentó *Moción de Sentencia Sumaria Solicitando Desestimación de la Reconvención y Demanda de Intervención por Falta de Jurisdicción de este Tribunal por Cosa Juzgada* coligiendo que el foro primario carecía de jurisdicción para atender los reclamos de los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN**.

---

[3] Entrada núm. 140 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada núm. 17 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Subsiguientemente, el 6 de abril de 2022, se pronunció *Sentencia Parcial* declarando ha lugar la *Moción de Sentencia Sumaria* presentada por el señor **ORIZONDO ÁLVAREZ-MENA;** desestimando la *Reconvención* de la señora **URBINA ECHEVARRÍA** y la *Demanda de Intervención* presentada por el señor **RESTO LEÓN;** y dejando sólo activa la causa de acción reivindicatoria y la división de la comunidad de la Parcela 18 reclamada por el señor **ORIZONDO ÁLVAREZ-MENA.** El 27 de abril de 2022, los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN** presentaron *Moción Solicitando se Incluyan Hechos Introvertidos y en Solicitud Reconsideración*.[6]

Después, el 6 de septiembre de 2023, se dispuso *Sentencia Parcial Enmendada*.[7] En desacuerdo, el 11 de octubre de 2023, los señores **URBINA ECHEVARRÍA** y **RESTO LEÓN** presentaron el recurso **KLAN202300903** ante este Tribunal de Apelaciones. Por ende, el 15 de noviembre de 2023, este foro apelativo expidió *Sentencia* desestimando el recurso por prematuro. Toda vez que la *Sentencia Parcial Enmendada* no fue notificada mediante el formulario OAT-686 (Notificación de Sentencia por Edicto).[8]

Más adelante, el 13 de mayo de 2024, se prescribió la *Orden* recurrida. El 29 de mayo de 2024, la señora **URBINA ECHEVARRÍA** presentó una *Reconsideración i. sobre Orden para Notificar Sentencia Parcial Enmendada ii. Solicitando la Publicación por Edictos de la Sentencia Parcial Emitida el 6 de abril de 2022* planteando su inconformidad con el fallo.[9]

Insatisfecha, el 14 de junio de 2024, la señora **URBINA ECHEVARRÍA** recurrió ante este foro intermedio revisor señalando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al expresar que puede acceder a dictar órdenes motivado por la solicitud de una de las partes, a[ú]n cuando el propio Tribunal entienda que no

---

[6] Entrada número 129 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[7] Apéndice de *Certiorari*, pág. 4.

[8] *Íd*., pág. 2.

[9] *Íd*., pág. 8. Entrada núm. 165 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC). El 15 de agosto de 2024, se dictaminó *Orden* declarando no ha lugar la petición de reconsideración. Entrada núm. 170 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

ha recibido el mandato del Tribunal Apelativo, único mecanismo mediante el cual el Tribunal de Instancia readquiere jurisdicción sobre el caso.

Erró el Tribunal de Primera Instancia al ordenar la Publicación de la Sentencia Enmendada emitida el 6 de septiembre de 2023, cuando lo correcto es ordenar la publicación de la Sentencia emitida el 12 de abril de 2022.

Erró el Tribunal de Primera Instancia al no aceptar el relevo de la Lcda. Zedided Ortiz Martínez y aceptar la auto representación legal de la Lcda. Urbina Echevarría.

El 18 de junio de 2024, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para *mostrar causa* por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Al día de hoy, los señores **ORIZONDO ÁLVAREZ-MENA**, **PAGÁN SEDA** y **ORIZONDO ÁLVAREZ MENA** no han comparecido.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[10] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[11]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[12] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[13]

---

[10] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[11] *Íd.*
[12] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[13] *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[14] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[15] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[16]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[17]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[18] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

---

[14] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra*.
[15] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[16] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[17] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[18] *Íd.*

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[20] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[21] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[22] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[23]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[24] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25]

---

[19] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

[20] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[21] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[22] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[23] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[24] *García v. Asociación*, 165 DPR 311, 322 (2005).

[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

## - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[26] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[27] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[28]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[29]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal

---

[26] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).
[27] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[28] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[29] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

*motu proprio.*[30]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[31] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[32]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[33] "Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[34] Ello sin entrar en los méritos de la controversia ante sí.

### - C – *Notificación de Sentencia*

La etapa de la notificación de la sentencia es decisiva en el proceso adjudicativo y, por consiguiente, una notificación defectuosa afecta los procedimientos posteriores a la sentencia.[35] De este modo, una sentencia final que no es notificada en conformidad a las Reglas no puede advenir firme, por lo que, no se podrá ejecutar. La Regla 65.3 (a) de las de Procedimiento Civil de 2009 instituye:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o Secretaria notificará tal archivo en la misma fecha a **todas las partes** que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la

---

[30] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).

[31] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[32] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[33] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[34] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.

[35] *Falcón Padilla v. Maldonado Quirós*, 138 DPR 983, 989 (1995).

notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo en autos de una orden, resolución o sentencia.[36]

[...]

Empero, la Regla 65.3 (c) de las de Procedimiento Civil de 2009, amplió el requisito procesal de notificación por *edicto* de las sentencias a las partes en **rebeldía** que no comparecían al pleito.[37] A esos efectos, la precipitada Regla concreta:

(c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. **En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar.** Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del(de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.[38]

En resumidas cuentas, discernimos que el criterio rector para determinar si una sentencia o resolución se notifica por edicto es la falta de comparecencia y no necesariamente la manera en que fue emplazada la parte.[39]

---

[36] 32 LPRA Ap. V, R. 65.3. (énfasis nuestro).

[37] Véase: Ley Núm. 44 de 3 de marzo de 2023. Legislación que enmendó la Regla 65.3 (c) de las de Procedimiento Civil de 2009.

[38] En este caso, la señora **PAGÁN SEDA** y el señor **ÁLVAREZ MENA** fueron emplazados mediante edicto, por lo que, la *Sentencia* también debió notificarse por edicto. (énfasis nuestro).

[39] *Íd.*

### - D - *Mandato*

La figura del *mandato* se encuentra enmarcada en los procesos apelativos. En ese contexto, el *mandato* constituye el medio que posee el tribunal revisor para comunicarle a un tribunal de menor jerarquía la determinación que ha tomado sobre el dictamen objeto de revisión y ordenarle actuar de conformidad con la misma.[40] El mismo le será cursado al foro judicial recurrido cuando la decisión que emita el tribunal revisor advenga final y firme.[41] A partir de ese momento cesa la jurisdicción sobre el asunto y el foro recurrido la adquiere nuevamente.

Dicho eso, podemos precisar que un tribunal de primera instancia no está facultado para continuar con los procedimientos y ejecutar nuestra decisión hasta tanto y cuanto se le remita el correspondiente *mandato*. Así, con la remisión del *mandato* finalizan los procedimientos del caso en revisión, removiéndolo de la *jurisdicción* del tribunal apelativo y devolviéndolo al foro de origen para que continúen allí los procedimientos. Empero, carente el foro primario de *jurisdicción* sobre la materia, este se encuentra impedido de actuar sobre aquellas controversias contenidas en el recurso de revisión. Por tanto, cualquier determinación que emita el foro de instancia antes de recibir el *mandato* es *nula*.[42]

### - III -

La señora **URBINA ECHEVARRÍA** punteó que el tribunal de instancia se equivocó: (i) al dictar órdenes ante solicitud de una de las partes aun cuando el foro primario entendía que no había recibido el mandato; (ii) al ordenar la publicación de la *Sentencia Parcial Enmendada* decretada el 6 de septiembre de 2023 cuando debió ordenar la publicación de la *Sentencia* de 12 de abril

---

[40] *Mejías et al. v. Carrasquillo, et al.*, 185 DPR 288, 301 (2012).
[41] La Regla 84 (E) del Reglamento del Tribunal de Apelaciones dispone que "[t]ranscurridos diez (10) días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el secretario(a) enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando este haya sido elevado." 4 LPRA Ap. XXII-B, R. 84(E).
[42] *Vaillant v. Santander*, 147 DPR 338 (1998).

de 2022; y (iii) al no aceptar el relevo de la licenciada Zedided Ortiz Martínez y aceptar su auto representación.

En cuanto al primer señalamiento de error, debemos aclarar que, desde el 8 de enero de 2024, la secretaría de este Tribunal de Apelaciones había notificado al foro de instancia y a todas las partes del caso, la *Carta de Trámite sobre Mandato*. Por lo que, aunque el foro primario manifestó, en múltiples ocasiones, no haber recibido el mandato, la realidad es que el mismo constaba en el expediente judicial y el tribunal recurrido tenía jurisdicción.

Por otro lado, tras examinar suspicazmente la totalidad del expediente judicial, así como el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) hacemos constar que, justamente, existe un asunto de índole jurisdiccional. En la entrada número 161, hallamos la *Notificación de Sentencia por Edicto* (*OAT 686*) fechada 14 de mayo de 2024. Empero, no surge del expediente electrónico (SUMAC) que, en efecto, se haya cumplido con el requisito de la notificación de la *Sentencia Parcial Enmendada* mediante edicto. Es decir, pese a haberse dispuesto la *Notificación de Sentencia por Edicto* (*OAT 686*), el récord carece de una *Declaración Jurada* del administrador o agente autorizado del periódico de circulación general en la cual se consigne la fecha y la hora en la que se publicó el edicto, así como evidencia que acredite el envío a la última dirección conocida de los señores **PAGÁN SEDA** y **ORIZONDO ÁLVAREZ-MENA**.[43]

Por tanto, ante el incumplimiento para con la Regla 65 de las de Procedimiento Civil de 2009, no ostentamos *jurisdicción* para atender el presente recurso de *certiorari*. Dicha deficiencia o defecto de la notificación de la *Sentencia Parcial Enmendada* provoca que los términos para acudir ante este foro intermedio no hayan comenzado a transcurrir.

---

[43] Las últimas direcciones conocidas figuran en la entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC): PO Box 190998 San Juan, PR 00919– 0998 y PO Box 368108 San Juan, PR 00936.

**- IV -**

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por ausencia de jurisdicción, el recurso de *Certiorari* incoado el 13 de junio de 2024 por la señora **AMARIS URBINA ECHEVARRÍA**; y ordenamos el cierre y archivo del presente caso.[44]

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Lebrón Nieves concurre con el resultado y coincide con el razonamiento sobre la falta de jurisdicción. Ahora bien, está inconforme con que dicho pronunciamiento se emita habiendo transcurrido casi un año desde la presentación del recurso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[44] 4 LPRA Ap. XXII-B. La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*